KATE IRVING v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]
JOHN IRVING v. SAME.

December 23, 1897.

Nos. 10,824—(207).

Negligence—Railway — Injury to Person Walking upon Track—Evidence—Contributory Negligence.

> *Held*, that the evidence herein conclusively established the contributory negligence of the plaintiffs.

An action by the administratrix of Michael Irving, deceased, to recover $5,000 for the death of her intestate, and an action by John Irving to recover $10,000 for personal injuries suffered by him, both in the district court for Hennepin county, were tried together. When the plaintiffs rested both cases were dismissed. From an order denying their motion for a new trial, Elliott, J., plaintiffs appealed. Affirmed.

*F. D. Larrabee*, for appellants.

*Albert E. Clarke* and *W. F. Booth*, for respondent.

START, C. J.

John Irving and Michael Irving were struck by defendant's switch engine, while it was running backward in the defendant's yards at Minneapolis, on September 26, 1896, at 7 o'clock in the evening. Michael was thereby killed, and John injured. Thereupon John and the administratrix of Michael, respectively, brought an action to recover damages on account of such injury and death. The two cases were tried together, and when the plaintiffs rested the trial court, upon defendant's motion, dismissed the actions upon the ground that, as a matter of law, the defendant was not negligent in the premises, but that each of the Irvings was guilty of contributory negligence. The plaintiffs appealed from an order denying their motion for a new trial.

The locus in quo of the accident was the railway tracks of the defendant in a viaduct with no grade crossings in the vicinity, the streets being carried over the viaduct by bridges. On the north

[1] Reported in 73 N. W. 518.

side of the tracks, which ran east and west, a large elevator was being constructed at the time of the accident, by parties other than the defendant, and both a day and night force of men was at work on the foundation. This elevator was 328 feet long, and stood side-wise to the tracks, and distant therefrom at the west end 20 feet, and at the east end 4 feet. There was a tool house near the west end of the elevator.

On the evening in question, the Irvings were employed on the night force, and started from the tool house with Frank Dunsmore and William E. Finn, the foreman of the work, to go to their work, in the basement of the elevator near the middle thereof. They could have reached this point by going through the basement, enter-ing at the west end thereof, or between the north foundation and the nearest track. They, however, all walked upon the track near-est to the elevator. Finn, with a lantern, walked about 25 feet ahead of the others, and, when they were some 75 feet from the west end of the elevator, a switch engine running backward toward them on the same track, struck the Irvings and Dunsmore, killing Michael and injuring the other two. Finn saw the engine coming and stepped off the track and was uninjured.

He testified that he saw the engine coming when it was 100 to 125 feet away, and a man ahead of Finn also saw the engine and left the track in time. The Irvings did not see the engine until it was within 25 feet of them. It is conceded that they were tres-passers on the track. The evidence tends to show that it was dark; that the engine was running without lights or signals, at the rate of 25 miles an hour, and that the engineer knew that, at or about the hour of the evening when the accident happened, there were usually men on, around or near the track at the point where the work on the elevator was going on.

The evidence was not sufficient to support a finding that the de-fendant's employees wantonly and maliciously injured the Irvings, but it may be conceded, without so deciding, that it was sufficient to take the case to the jury on the question of defendant's negli-gence. Nevertheless, the actions were properly dismissed upon the ground that the evidence conclusively established the contributory negligence of the plaintiffs. They were at the time of the collision

walking in the darkness, along a place of known and imminent danger, without right or necessity on their part, going in the same direction whence the engine was approaching them; and it cannot be doubted that, if they had exercised that measure of ordinary care for their own safety which the situation imperatively demanded, they would have seen the engine in time, and left the track uninjured, as others did, or would have kept off the track entirely.

Order affirmed.